IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER BURKHOLDER, | : Civ. No. 1:23-CV-416 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| BARBARA FERRANDO, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us on a motion for partial summary judgment filed by the plaintiff, Amber Burkholder. (Doc. 23). Burkholder filed suit after a motor vehicle collision in July of 2022, in which her vehicle collided with a vehicle driven by the defendant, Barbara Ferrando. Burkholder contends that Ferrando is liable for Burkholder's injuries under a theory of negligence, alleging, *inter alia*, that Ferrando failed to stop at a stop sign before entering the intersection where the collision occurred. (Doc. 1).

Burkholder now moves for partial summary judgment on two issues. First, Burkholder argues that there are no genuine disputes of material fact regarding Ferrando's failure to stop at the stop sign in

violation of Pennsylvania law and argues such violation would establish negligence *per se* by Ferrando. (Doc. 23). Second, Burkholder argues there is no genuine dispute of material fact with respect to causation, as both expert witnesses agree that the collision was a cause of Burkholder's injuries. (*Id.*). She contends that where such agreement is present and defendant's negligence is established, Pennsylvania caselaw demands a finding that the defendant's negligence was at least a substantial factor in causing the injuries in question. (*Id.*).

After consideration, we find there are genuine disputes of material fact that preclude summary judgment at this stage. Accordingly, the plaintiff's motion will be denied.

## II. Background

The collision in question occurred in Middlesex Township, Pennsylvania, on the afternoon of July 8, 2022. (Doc. 1). Burkholder was traveling West on West Trindle Road when her vehicle struck Ferrando's vehicle, traveling South on South Middlesex Road. (Doc. 23 at 24). Burkholder estimated that her vehicle was traveling between 45 and 50 miles per hour when it struck Ferrando's vehicle. (Doc. 25-1 at 13). Ferrando's vehicle was in the center of the intersection at the moment of

collision; however, Burkholder admitted that she "never saw" Ferrando's vehicle prior to the crash. (*Id.*). According to Burkholder, three unnamed motorists who were at the scene of the accident told her that Ferrando failed to stop at the stop sign. (*Id.*). For her part, Ferrando testified several times at her deposition that she stopped at the stop sign. (Doc. 25-2 at 3, 7-8).

On March 8, 2023, Burkholder commenced this action against Ferrando. (Doc. 1). The complaint asserts a single count of negligence against Ferrando and alleges various injuries, both economic and noneconomic, for which Burkholder seeks compensation from Ferrando. (*Id.*). Burkholder has now moved for partial summary judgment. (Doc. 23). Burkholder contends that Ferrando's failure to observe a stop sign in violation of 75 Pa. Cons. Stat. § 3323(b) ("duties at stop signs") constitutes negligence *per se*. She also asserts that causation is established under *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa. Super. Ct. 2002), because both parties' experts agree the alleged negligent act was a cause of plaintiff's injuries.

After a review of the record, we conclude that there are genuine issues of material fact that preclude summary judgment in favor of the plaintiff at this time. Accordingly, the plaintiff's motion will be denied.

## III. Discussion

### A. Motion for Summary Judgment – Standard of Review

The plaintiff has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) provides that a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of the facts will depend on the substantive law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under governing law" will preclude summary judgment. *Id.* A dispute is only genuine if a reasonable juror could find in favor of the nonmoving party. *Id.*

The moving party bears the initial burden to "demonstrate the absence of a genuine issue of material fact," relying on pleadings, depositions, affidavits, and other evidence in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant "successfully points to

evidence of all of the facts needed to decide the case on the law," the nonmovant can still defeat summary judgment by pointing to evidence in the record which creates a genuine dispute of material fact and from which a jury could find in its favor. *El v. Southeastern Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007). However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). A court may not make credibility determinations or weigh the evidence, but "must view the facts in the light most favorable to the non-moving party." *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

### B. The Plaintiff's Motion for Summary Judgment will be Denied.

Burkholder's motion can be granted only if it is indisputable that Ferrando violated Pennsylvania law by failing to stop at the stop sign. Because there is a genuine issue of material fact regarding Ferrando's conduct at the stop sign, the motion must be denied in its entirety.[1]

---

[1] Because we conclude that summary judgment would be inappropriate as to the issue of negligence *per se*, we decline to address the plaintiff's causation argument.

Burkholder contends that the evidence establishes Ferrando was negligent *per se* because Ferrando failed to stop at the stop sign in violation of 75 Pa. Cons. Stat. 3323(b).[2] The doctrine of negligence *per se* "establishes the elements [of a negligence cause of action] of duty and breach of duty where an individual violates an applicable statute, ordinance, or regulation designed to prevent public harm." *Schemberg v. Smicherko*, 85 A.3d 1071, 1074 (Pa. Super. 2014). Thus, a plaintiff must demonstrate that (1) the statute at issue applies to the defendant's conduct; (2) the defendant's conduct violates that statute; (3) the resulting harm is to a party that statute is meant to protect; and (4) the violative conduct is shown to be the proximate cause of plaintiff's injuries. *Id.* at 1073-74.

Here, Burkholder contends that she has established Ferrando was negligent *per se* because Ferrando failed to stop at the stop sign. The question of whether Ferrando stopped at the stop sign is a material fact

---

[2] Section 3323(b) states: "every driver of a vehicle approaching a stop sign shall stop at . . . the point nearest the intersecting roadway . . . . yield the right-of-way to any vehicle in the intersection or approaching on another roadway . . . and enter the intersection when it is safe to do so." 75 Pa. Cons. Stat. § 3323(b).

6

in this case, as it "might affect the outcome of the suit". *Anderson*, 477 U.S. at 248. Summary judgment on this issue is therefore appropriate only if no reasonable juror could find that Ferrando stopped at the intersection. *Id.* As we have noted, the parties have given conflicting testimony on this issue. While Burkholder was allegedly told by other motorists that Ferrando failed to stop at the stop sign, Ferrando stated several times in her deposition that she stopped at the stop sign. (Doc. 25-1 at 13; Doc. 25-2, at 3, 7-8). Additionally, Burkholder further testified that Ferrando's vehicle was in the middle of the intersection when the collision occurred. (Doc. 25-1 at 13).

At the summary judgment stage, we are not permitted to engage in a credibility determination, but rather must view all facts in the light "most favorable to the non-moving party." *Hugh,* 418 F.3d at 267. Here, the parties' conflicting accounts plainly create a genuine issue of material fact as to whether Ferrando failed to stop at the sign, and thus, was negligent *per se*. Accordingly, we cannot conclude that the plaintiff is entitled to summary judgment on the issue of negligence.

## IV. Conclusion

For the foregoing reasons, the plaintiff's motion for partial summary judgment (Doc. 23) will be DENIED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
